**LAW OFFICE OF DANA CARPENTER**
Lazarus Professional Building
420 W. Roosevelt St. Suite 105
Phoenix, Arizona 85003-1325
(602) 266-5770 phone
(602) 412-5720 fax
danacarpenter5@gmail.com
State Bar No. 007320

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR12-00755-PHX-ROS |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT |
| Joseph Christopher Monahan, | |
| Defendant. | |

Defendant, Joseph Christopher Monahan, by and through undersigned counsel, hereby submits the following objections to the Presentence Investigation Report pursuant to Rule 32(f), Federal Rules of Criminal Procedure; 18 U.S.C. §3552; and the defendant's right of allocution pursuant to the Fifth and Sixth Amendments to the United States Constitution.

I.   **FACTUAL OBJECTIONS.**

**Richard Toiser (Page 4, ¶ 7).**

Defendant objects to Richard Toiser's characterization of his "being forced out" from EDI. Joseph Monahan stated the following as summarized in an FBI 302 by Special Agent Drake in an interview on May 17, 2012. "Toiser had previously worked with Monahan at Que Pasa and Monahan found him to be a good go to person handling detailed technological matters. Because Toiser was analytical, he and Angileri would often clash. Toiser would point out small details such as an unpaid $58 bill for a website. Monahan described Angileri as more of a "Gun Slinger" who would make business decisions by "shooting" and seeing what happened. This greatly conflicted with Toiser's

sound approach.  One day Angileri approached Monahan about Toiser's "high maintenance and controlling" personality and told him that the two of them should let Toiser go.  Before EDI truly got up and running Toiser was forced off the LLC and Angileri and Monahan let Toiser believe he had quit on his own terms." Defendant requests the court supplement this paragraph to include the contrary view as to why Toiser was forced out of EDI.

## II.    LEGAL OBJECTIONS.

### A. Relevant Conduct- GTF.
### Page 7, ¶ 24.

Defendant objects to the inclusion of the GTF loss amount of $4,311,556.83.  The parties specifically left out GTF as a victim in this case pursuant to the plea agreement.  Given the complexities of proving the GTF loss, the parties agreed to not include the alleged GTF loss of slightly over $4,000,000.00 in the loss amount nor for restitution purposes.  The factual basis of the plea agreement reflects this limitation.  A careful reading of the discovery and factual basis indicates that GTF is referred to but does not have any listed loss amount or restitution amount.  GTF retained the services of Mr. Monahan after Angileri was fired from EDI.  Essentially, GTF took control of EDI and attempted to continue the business  of EDI.  Eventually, GTF dissolved EDI and created Millennium Technologies taking the staff of EDI with them and jettisoning Monahan. The loss amount for guideline purposes in this case should be limited to the loss associated with HP which is, $1,845,028.70.  Therefore, sixteen levels should be added because the loss amount is more than $1,000,000 and less than $2,500,000.

### B. Sophisticated Means.

The presentence report adds two offense levels because the offense otherwise involved "sophisticated means".  The presentence report notes that the defendant used invoices, some legitimate and others not.  Ordered products were shipped through out the country and eventually returned to EDI's  offices in Arizona for resale to unauthorized

1  customers. The Ninth Circuit found that a sentence enhancement for "sophisticated
2  means" was appropriate where the defendant had "used and incorporated numerous shell
3  corporations, many of which he incorporated during this scheme, that he had intentionally
4  left behind numerous confusing and misleading documents regarding the investors funds,
5  that he had forged signatures on real estate transactions, and had made other associates
6  sign for him for other real estate purchasers, to avoid having his name appear on the
7  transactions or assets." The court found these facts were sufficient for the enhancement.
8  *United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008).
9       This case does not involve "sophisticated means". A comprehensive
10 understanding of the scheme in this case reveals that it is, in fact, very simple. The
11 defendant sold computer products to unauthorized purchasers in violation of their contract
12 with HP. Filing falsified invoices to HP does not constitute "sophisticated means".
13 Defendant requests the court strike the sophisticated means enhancement.
14      **C. Abuse of Trust.**
15      The presentence report adds two level I for abuse of trust pursuant to the
16 U.S.S.G.§ 3B1.3. U.S.S.G § 3B1.3 states as follows: "If the defendant abused a position
17 of public or private trust, or used a special skill, in a matter that significantly facilitated
18 the commission or concealment of the offense, increase by two levels." Application note
19 1 defines "public or private trust." "Public or private trust" refers to a position of public
20 or private trust characterized by professional and managerial discretion (i.e., substantial
21 discretionary judgment that is ordinarily giving considerable deference). Persons holding
22 such positions ordinarily are subject to significantly less supervision than employees
23 whose responsibilities are primarily non-discretionary in nature. For this adjustment to
24 apply, the position of "public or private trust" must have contributed in some significant
25 way to facilitating the commission or concealment of the offense (e.g., by making the
26 detection of the offense or the defendants responsibility for the offense more difficult).
27     For example, this adjustment applies in the case of embezzlement of a clients fund by
28 an attorney serving as a guardian, a bank executives fraudulent loan scheme, or the

1 criminal sexual abuse of a patient by a physician under the guise of an examination.  This
2 adjustment does not apply in the case of an embezzlement or theft by an ordinary bank
3 teller or hotel clerk because such positions are not characterized by the above described
4 factors."

5     A two level adjustment for abuse of trust is not applicable to the defendant in this
6 case.  As noted by the Ninth Circuit in *United States v. Laurienti,* the court adopted a
7 narrower standard where application of abuse of trust that had previously decided.  "The
8 scope of the 'abuse of trust' enhancement was the subject of a recent en banc decision.  In
9 *Contreras,* 593 F.3d 1136, sitting en banc, we adopted all but two small sections of the
10 three-judge panel opinion in the case, 581 F.3d 1163.  Through incorporation of the three-
11 judge panel opinion, we overruled longstanding precedent of what the government must
12 show in order to establish that a person is in "a position of public or private trust."
13 U.S.S.G. §3B1.3.  We held that, contrary to a long line of cases, a person must hold a
14 position of 'professional or managerial discretion.'  *Contreras*, 581 F.3d at 1167.  The
15 defendant must be 'a professional' or 'managerial' who, because of his or her
16 professional knowledge, expertise, or managerial authority, is trusted to exercise
17 substantial discretionary judgment that is ordinarily given considerable deference."  *Id*. at
18 1168 n. 5 (some internal quotation marks omitted in (quoting U.S.S.G. §3B1.1 Cnt. n. 1)).
19 We held at our earlier cases permitting a finding of a position of trust under a much lower
20 standard were too broad, and impermissibly encompass positions such as truck driver and
21 bank teller.  *Id*. at 1167."  *United States vs. Laurienti*, 611 F.3d 530, at 554-555 (9th Cir.
22 2010).

23     In addition to this narrower definition of "abuse of trust," the Ninth Circuit also
24 requires that the abuse of trust must be established from the perspective of the victim.
25 *United States v. Evans,* 370 Fed.Appx. 829 (9th Cir. 2010).  "To support the abuse of trust
26 enhancement, a position of trust...must be established *from the prospective of the victim*."
27 *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1048 (9th Cir. 2002), overruled on
28

4

1 other grounds by *United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010) (en
2 banc) (per curiam) (citation omitted).  370 Fed.Appx. at 831-832.

3      From HP's standpoint, Mr. Monahan was not in a position of trust that comes
4 within the meaning of this enhancement.  From HP's perspective Mr. Monahan had
5 contractual obligations owed to HP.  Mr. Monahan served in no trust capacity in relation
6 to HP or the contract.  In short, HP would consider Mr. Monahan to be a private
7 distributor under contract with HP.  Violating the contractual "trust" of HP does not come
8 within the abuse of trust enhancement.  Mr. Monahan had no special trust obligations to
9 HP.

10      Defendant requests the court strike the abuse of trust enhancement.

11      If court agrees with the defendants two legal objections the offense level
12 computation is as follows:

13     Base Offense Level                 +6
14     Aggravate loss                     +16
15     Sophisticated means              + 0
16     Abuse of trust                     + 0
17     Adjusted offense level            22
18     Acceptance of responsibility     -3
19     Total offense level                +19.

20
21 A base offense level of 19 in criminal history category I results in a sentencing range of
22 30-37 months.

23
24      RESPECTFULLY SUBMITTED this   23rd  day of October, 2012.
25
26
                                          s/Dana Carpenter
27                                           Dana Carpenter
                                          Attorney for Defendant
28

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on October 23, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Roslyn O. Silver
United States District Court Judge


By:   s/Joana Carrillo
      Legal Assistant
      Law Office of Dana Carpenter